NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERNARD B. MARKEY and W. JOSEPH IMHOFF,<br><br>        PlaintiffS,<br><br>v.<br><br>DOUGLAS A. FASTUCA,<br><br>        Defendant. | Civ. No. 05-1450 (WGB)<br><br>**O P I N I O N** |

**APPEARANCES:**
Lisa M. Salazar, Esq. (I.D. No. LS-6511)
Stephen J. Nathans, Esq. (I.D. No. SN-1763)
McCarter & English, LLP
Mellon Bank Center, Suite 700
1735 Market St.
Philadelphia, PA 19103

        Counsel for Plaintiffs

David S. Senoff, Esq. (DSS/3935)
30 South Haddon Avenue
Haddonfield, NJ 08033
Trenton, New Jersey 08625

        Counsel for Defendant

**Bassler, Senior District Judge:**

    Plaintiff brings this action alleging tortious interference with contractual and prospective business relations, and aiding and abetting a breach of fiduciary duty.  Defendant has filed a motion to dismiss pursuant to Rules 12(b)(3), 12(b)(6), and 12(b)(7) of

the Federal Rules of Civil Procedure.  Although this venue is improper, this Court has ordered the matter to be transferred to the Eastern District of Pennsylvania in lieu of dismissal, pursuant to 28 U.S.C. § 1406(a).  Defendant has filed a separate Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

In light of the decision to transfer this action to a proper venue, this Court does not reach the merits of the case.  The question remains as to whether this Court may consider Defendant's Motion for Sanctions.  This question, however, is not easily answered.

The Supreme Court has held that a district court may consider the imposition of sanctions in cases where the plaintiff has voluntarily dismissed the claim pursuant to Fed. R. Civ. P. 41(a).  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 398 (1990).  The Court reasoned that the imposition of a Rule 11 sanction is not a judgment on the merits of the case, but rather "requires the determination of a collateral issue: whether the attorney has abused the judicial process, and if so, what sanction would be appropriate."  Id. at 396.  Furthermore, if a plaintiff could feel free to file frivolous lawsuits and then avoid sanctions simply by voluntarily dismissing the claim under R. 41(a), the purpose of the Rule 11 sanctions would be frustrated.  Id. at 398.

The Supreme Court has not addressed the effect of a § 1406(a)

transfer upon the transferor court's ability to impose sanctions, but the Tenth Circuit has held that where an action has been transferred pursuant to 28 U.S.C. § 1404(a), the transferor court lacks the jurisdiction to impose sanctions under Rule 11. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, (10th Cir. 1991). That court read Cooter & Gell narrowly, stating, "We do not read Cooter & Gell as authorizing a district court to impose Rule 11 Sanctions for conduct arising out of a case which it lacks jurisdiction over, *when such jurisdiction clearly is vested in another court*." Id. at 1522 (emphasis added). If the imposition of sanctions was not authorized where venue was properly laid before the transferor court, it seems unlikely that sanctions should be imposed by this Court, which has already determined that venue is improper.

In In re Orthopedic "Bone Screw" Products Liability Litigation, Ray v. Eyster (hereinafter "Bone Screw"), the Third Circuit added another layer to the analysis. 132 F.3d 152, (3d Cir. 1997). In that case, the question was whether the "inherent power to sanction" extends to a case over which the court does not have subject matter jurisdiction, and to a sanction – dismissal with prejudice – that would have served to dispose of the case on the merits. Id. at 156. The Third Circuit held that the power to sanction did not extend so far, although it recognized the "abundant authority" that would permit the imposition of sanctions

in the absence of jurisdiction.  Id.  The Bone Screw court determined that the distinction between those sanctions that are appropriate and those that are inappropriate in the absence of jurisdiction to be the extent to which the sanctions imposed act as an adjudication of the merits of the case.  Id. at 157.

Here, Defendant bases his Motion for Sanctions on the Plaintiffs' certification that venue in the District of New Jersey was proper; and on Plaintiffs' failure to advise the Court of: a pending action in Pennsylvania State Court in which they are named as defendants, a release provision contained in an agreement between Plaintiffs and Defendant, and an agreement made between the Plaintiffs and a third party, which may impact the claim of aiding and abetting a breach of fiduciary duty.  Def. R.11 Br. at 10-18.

Plaintiffs contend that they offered to cure the venue defect, and that they offered to do so within the 21-day "safe harbor" provision of Rule 11.  Pl. R.11 Opp. Br. at 7.  They further argue that the release provision may not have any effect on this proceeding, and even if it does, Defendant may raise the release as a defense.  Id. at 9.  Plaintiffs are not obligated to raise this issue in their Complaint.  Id.  Regarding the failure to inform the court of the pending state court action and the existence of an agreement between Plaintiffs and a third party, Plaintiffs contend that they are under no obligation to advise the court of proceedings and agreements to which Defendant is not a party.  Id.

4

at 5, 10.

To address the question of whether such proceedings and agreements affect this action would require this Court to investigate more deeply into the merits of this claim than it is comfortable doing in light of its decision to transfer the matter to the Eastern District of Pennsylvania, where venue is proper. For all of the foregoing reasons, Defendant's Motion for Sanctions is dismissed without prejudice.

An appropriate Order follows.


                                         /s/ William G. Bassler
                                         WILLIAM G. BASSLER, U.S.S.D.J.

DATED:    February 23, 2006