NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BERNARD B. MARKEY
and
W. JOSEPH IMHOFF,

        Plaintiffs,

v.

DOUGLAS A. FASTUCA

        Defendant.

Civ. No. 05-1450 (WGB)

**O P I N I O N**

**APPEARANCES:**
Lisa M. Salazar, Esq. (I.D. No. LS-6511)
Stephen J. Nathans, Esq. (I.D. No. SN-1763)
McCarter & English, LLP
Mellon Bank Center, Suite 700
1735 Market St.
Philadelphia, PA 19103

    Counsel for Plaintiffs

David S. Senoff, Esq. (DSS/3935)
30 South Haddon Avenue
Haddonfield, NJ 08033
Trenton, New Jersey 08625

    Counsel for Defendant

**Bassler, Senior District Judge:**

    Plaintiff brings this action alleging tortious interference with contractual and prospective business relations, and aiding and abetting a breach of fiduciary duty.  Defendant moves to dismiss

-1-

pursuant to Fed. R. Civ. Pro. 12(b)(3) (improper venue), 12(b)(6) (failure to state a claim) and 12(b)(7) (failure to join a necessary party). As the following will make clear, Defendant's 12(b)(3) Motion to Dismiss for improper venue is denied, and, pursuant to 28 U.S.C. § 1406(a), this matter is transferred to the Eastern District of Pennsylvania.

As venue is improper in this District, and in light of the decision to transfer, this Court does not consider the merits of the Defendant's 12(b)(6) and 12(b)(7) Motions.

This Court has jurisdiction under 28 U.S.C. § 1332, as plaintiffs are a New Jersey citizen and a Nevada citizen, and Defendant is a Pennsylvania citizen. The amount in controversy exceeds $75,000, exclusive of interests and costs.

**Background**

In the fall of 2001, Defendant Douglas A. Fastuca ("Fastuca") was hired in the Radnor, PA office of Navigator Equity Partners, LLC, f.k.a. ANCC Management, LLC ("NEP"), a limited liability company organized under Delaware law. Plaintiffs Bernard B. Markey ("Markey") and W. Joseph Imhoff ("Imhoff") were two of three co-founders and Managing Members of NEP. The third co-founder and Managing Member was Philip H. Behr ("Behr"). Markey, Imhoff, and Behr were also Managing Members of another entity, Navigator Equity, G.P., LLC, f.k.a. ANC Capital, LLC ("NEGP").

Throughout the term of his employment at NEP, Fastuca worked on a daily basis with Behr, exclusively in NEP's Pennsylvania office[1]. Def. Br. at 5.

In their capacity as Managing Members of NEP, Markey, Imhoff, and Behr were also Private Limited Partners and Principals of Navigator Growth Partners, LP, f.k.a. ANC Growth Partners, LP (the "Fund"). The obligations of NEP, NEGP, the Fund, and the Managing Members were set forth in Operative Agreements established in 1999 and governed by Delaware law. Pl. Exh. 2 at ¶ 16.4; Pl. Exh. 3 at ¶ 16.4; and Pl. Exh. 4 at ¶ 11.09.

The Fund's assets, consisting of nearly $81 million, were to be invested in private equities over a four-year period by the three Managing Members. Over a subsequent six-year period, these assets were to be used toward the sale of the investments. Each Managing Member received an annual management fee of $2 million, plus a share of some of the profits generated by the investments. Def. Br. at 5.

Fastuca's employment with NEP was terminated in March 2003.

---

[1]The Operative Agreements refer to the Radnor, PA offices as the Principal Offices of NEP and NEGP. Pl. Exh. 2 at ¶ 3 and Pl. Exh. 3 at ¶ 3. Plaintiffs, however, refer to the Summit, NJ offices as the principal offices. See Pl. Br. at 11 ("although the principal offices ... are located in New Jersey..."). As the appropriate question to ask in a venue analysis is where the conduct giving rise to the claim took place, and since Plaintiffs concede that the tortious conduct charged took place solely in the Radnor, PA offices, Pl. Br. at 11, it is unimportant whether the principal offices are deemed to be in PA or in NJ.

Plaintiffs claim that, following his termination, Fastuca "engaged in a systematic course of conduct designed to sabotage the contractual and business relationships and personal goodwill that existed between the managing members, and to prevent the development of any new contractual or business relationships among them." Pl. Br. at 3. It is this allegation that forms the basis of Plaintiffs' claim of tortious interference with contractual and prospective business relations.

Plaintiffs further contend that Philip Behr violated his fiduciary duty to Markey and Imhoff, and that Fastuca was aware of, and even encouraged, this violation. Pl. Exh. A at ¶¶ 42-43.

Defendant moves to dismiss pursuant to Rules 12(b)(3), (6), and (7) of the Federal Rules of Civil Procedure. This Court concludes, however, that the interests of justice are better served by the transfer of this matter pursuant to 28 U.S.C. § 1406(a), than by dismissal.

**Analysis**

Defendant argues that venue is improper under § 1391(a) of 28 U.S.C.[2] That section states that in a civil action where jurisdiction is based solely on diversity of citizenship, venue is proper only in:

---

[2]Objection to improper venue is commonly raised as a motion to dismiss for improper venue. Wright, Miller, Cooper, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION 2D § 3826 (2d ed. 1986).

(1) a judicial district where any defendant resides, if all defendants reside in the same State;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or

(3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a).

Since Fastuca does not reside in New Jersey, venue is improper under subsection (1). While Fastuca may be subject to personal jurisdiction in New Jersey, this action might have been properly brought in Pennsylvania, where Fastuca does reside, and so subsection (3) does not apply. Strategic Learning Inc. v. Wentz, No. Civ.A. 04-4341, 2005 U.S. Dist. LEXIS 1609, at *9 n. 4, 2005 WL 241182, at *3, n. 4 (E.D. Pa. Feb. 1, 2005). The question is thus whether, under § 1391(a)(2), a substantial part of the events or omissions giving rise to the claim occurred in New Jersey. This Court concludes that it did not.

"In assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 295 (3d Cir. 1994). The agreement giving rise to Behr's fiduciary duty toward Plaintiffs – a duty that Fastuca allegedly encouraged Behr to violate – is one governed by Delaware law. See

Pl. Exh. 2 at ¶ 16.4; Pl. Exh. 3 at ¶ 16.4; and Pl. Exh. 4 at ¶ 11.09.  The contractual and business relationships with which Fastuca is alleged to have tortiously interfered were relationships between Behr, a Pennsylvania resident, and the two New Jersey Plaintiffs.  But it is Plaintiffs' allegation that Fastuca interfered by "encouraging and facilitating Behr's decision to breach the contracts" and by "inducing and facilitating the termination of the prospective business relationship" between Plaintiffs and Behr, and by "purposefully engaging in conduct intended to prevent the prospective relationship."  Pl. Exh. A at ¶¶ 2-9 and ¶¶ 12-21.  Each of these allegations is based on interactions between Fastuca and Behr, and not between Fastuca and Plaintiffs.  As it is undisputed that Defendant and Behr both worked out of the Radnor, PA offices, it is clear that the conduct giving rise to the complaints must have occurred in Pennsylvania, and not in New Jersey[3].  See <u>Strategic Learning, Inc.</u> 2005 U.S. Dist. LEXIS 1609, at *12, 2005 WL 241182, at *4 (where the tortious interference claims arose out of the defendant's relationship with

---

[3]Plaintiff cites the presence in New Jersey of relevant documents, the Fund's principal office, and the Plaintiffs, themselves, as adequate basis for a finding of proper venue.  Pl. Brief at 12.  Plaintiff supports this contention by pointing to <u>Remington Electronics v. Remington Products, Inc.</u>, Civ. No. 90-1911, 1990 U.S. Dist. LEXIS 9340, 1990 WL 105764 (D.N.J. July 2, 1990).  However, as Defendant correctly argues, <u>Remington</u> involves a motion to transfer under § 1404(a).  The <u>Remington</u> court's discussion of documents and the convenience of the parties applies to a motion to transfer under § 1404(a), and not to a venue analysis under § 1391.

parties residing outside the Eastern District of Pennsylvania, the actions giving rise to the claims of tortious interference were found to have occurred outside the Eastern District of Pennsylvania).

Furthermore, and perhaps most telling, is the statement in Plaintiffs' own Trial Brief, that, "[t]he injury in this case arose out of Defendant's conduct in Pennsylvania. ... Although the principal offices of NEP and NEGP are located in New Jersey, those offices had *no connection* to the tortious conduct..." (emphasis added). Pl. Brief at 11. Plaintiffs make these statements in an effort to argue for the application of Delaware or Pennsylvania law, rather than New Jersey law, to this action. They instead provide further support for this Court's conclusion that venue is, indeed, improper.

If a case is filed in a district where venue is improper under 28 U.S.C. § 1391, the district court where the action was filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Cottman Transmission Systems, 36 F.3d at 296 (quoting 28 U.S.C. § 1406). Where an error regarding proper venue is made, "the 'interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized..." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962). By providing for transfer in lieu of dismissal,

the statute was "designed to prevent any injustice from occurring and save time and resources, should a plaintiff erroneously choose the wrong forum in which to bring an action." NCR Credit Corporation v. Ye Seekers Horizon, Inc., 17 F.Supp.2d 317, 319 (D.N.J. 1998). "Dismissal is considered to be a harsh remedy in cases such as this, and transfer to another district court in which the action could originally have been brought, is the preferred remedy." Id.

As discussed above, a substantial amount of the events giving rise to the claims occurred in the Eastern District of Pennsylvania. Thus, under § 1391(a)(2), this action could have been brought in that District, and so, pursuant to § 1406(a), it may be transferred there.

Defendant argues that if the Court chooses to transfer this motion, rather than dismiss it, the Plaintiffs will be rewarded "for their horizontal forum shopping." Def. Reply Brief at 4. Defendant's concern that the transferee court will be obligated to apply the substantive law, including the choice of law rules, of the transferor court, however, is misplaced, since the transfer is being effectuated pursuant to § 1406(a) and not § 1404(a). "[W]henever the original venue is improper, so that transfer is under § 1406(a), the transferee court should apply whatever law it would have applied had the action been properly commenced there." Wright, Miller, Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D §

3827 (2d ed. 1986); see also Hoffman v. Burroughs Corporation, 571 F.Supp. 545, 550 (N.D. Tex. 1982) ("the choice of law rules of the transferor court's state would apply in a section 1404(a) transfer, while the choice of law rules of the transferee court's state would apply in a section 1406(a) transfer for improper venue").  While there is no Third Circuit case that directly supports this interpretation of § 1406(a)'s choice of law implications, the reasoning for such a rule, as discussed by the Court of Appeals for the Sixth Circuit in Martin v. Stokes, assures this Court that the Pennsylvania District Court will see fit to apply the same rule:

> "If the state law of the forum in which the action was originally commenced is applied following a §§ 1406(a) transfer, the plaintiff could benefit from having brought the action in an impermissible forum.  Plaintiffs would thereby be encouraged to file their actions in the federal district court where the state law was the most advantageous, regardless of whether the district court was a proper forum.  Such forum-shopping was what the Supreme Court sought to eliminate by its decision in Van Dusen.  Accordingly, we conclude, as have the majority of authorities that have considered this question, that following a transfer under §§ 1406(a), the transferee district court should apply its own state law rather than the state law of the transferor district court.

623 F.2d 469, 472 (6th Cir. 1980).

Thus, since transfer of this matter is proper under § 1406(a), and since doing so would not confer any undue advantage upon Plaintiffs nor any undue burden upon Defendant, this Court finds it in the interest of justice to transfer this matter to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1406(a).

For the reasons set forth above, Defendant's Motion to Dismiss

for improper venue is DENIED.  This Court orders the transfer of this action to the United States District Court for the Eastern District of Pennsylvania.  An appropriate Order follows.


                                            /s/ William G. Bassler
                                           WILLIAM G. BASSLER, U.S.S.D.J.

DATED:    February 23, 2006